UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
THOMAS GESUALDI, LOUIS
BISIGNANO, ANTHONY D'AQUILA,
MICHAEL O'TOOLE, MICHAEL C.
BOURGAL, JOSEPH A. FERRARA, SR.,
FRANK H. FINKEL, MARC HERBST,
DENISE RICHARDSON, and THOMAS F.
CORBETT, as Trustees and Fiduciaries of
the Local 282 Pension Trust Fund,

                  Plaintiffs,      **ORDER ADOPTING REPORT AND RECOMMENDATION**

-against-

                                     16-CV-04159 (DRH)(ARL)

NACIREMA INDUSTRIES
INCORPORATED, NACIREMA
ENVIRONMENTAL SERVICES
COMPANY, INC., and CHERCHELLO
ASSOCIATES, LLC,

                  Defendant.
-------------------------------------------------------X

**HURLEY, Senior District Judge:**

## INTRODUCTION

Presently before the Court is the Report and Recommendation, dated August 31, 2017 ("R&R"), of Magistrate Judge Arlene R. Lindsay recommending that the motion of Plaintiffs for a default judgment be granted in part and denied in part without prejudice to renew upon the submission of supplemental information as to the denied portion. On September 12, 2017, Plaintiffs filed an objection to the R&R to the extent that it recommends denying Plaintiffs' motion for a default judgment against Nacirema Environmental Services Company, Inc. ("Environmental").

1

## BACKGROUND

Plaintiffs brought an action pursuant to the Employee Retirement Income Security Act ("ERISA") seeking to hold Cherchello Associates ("Cherchello") and Environmental jointly and severally liable for Nacirema Industries Incorporated's ("Industries") withdrawal liability on the basis that Cherchello and Environmental are each under common control with Industries.

In the R&R, Judge Lindsay found that Plaintiffs should be awarded, jointly and severally, against defendants Industries and Cherchello: $752,098.00 in withdrawal liability; $225,134.87 in interest through September 30, 2016, plus $370.90 per day from that date through the date judgment is entered; $225,134.87 in liquidated damages; $18,541.00 in attorneys' fees; and $1,056.96 in costs. Judge Lindsay recommended that the motion be denied against defendant Environmental, because there was insufficient information to "compute [its] identical ownership interests vis-à-vis the other two corporations." (R&R, at 9.) Plaintiffs objected on the basis that the relevant question is "not whether Cherchello and Environmental are in a controlled group with one another, but rather whether one or both are in a controlled group with Industries [the signatory]." (Plaintiff's Limited Obj. to the R&R, at 4.)

After reviewing the objected to portions of the R&R de novo, the Court agrees with Plaintiffs and finds that Environmental is in Industries' controlled group for the reasons stated below. Therefore, Plaintiffs' Motion for a Default Judgment will be granted in its entirety.

## APPLICABLE STANDARD OF REVIEW

Federal Rule of Civil Procedure 72(b) provides that when a magistrate judge issues a report and recommendation on a matter "dispositive of a claim or defense of a party," the district court judge shall make a de novo determination of any portion of the magistrate judge's disposition to which specific written objection has been made. Fed. R. Civ. P. 72(b).

Accordingly, the Court reviewed the motion for default judgment against Environmental de novo.

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 7, the Court reviews the unobjected to portions of the R&R for clear error.

**DISCUSSION**

1. *Relevant Law*

The purpose of withdrawal liability "is to fix liability upon those who are responsible at the time of withdrawal for continued funding," thus multiple entities may be held liable for the withdrawal obligations of one employer if they are shown to be under "common control" under the Treasury Department regulations. *Jaspan v. Certified Indus., Inc.*, 658 F. Supp. 332, 334 (E.D.N.Y. 1986). The Second Circuit has held that "[b]y virtue of 29 U.S.C. § 1301(b)(1) of ERISA and applicable regulations at 26 C.F.R. §§ 1.414(c)–1 through 1.414(c)–5, all businesses under common control are treated as a single employer for purposes of collecting withdrawal liability, and each is liable for the withdrawal liability of another." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 86 (2d Cir. 1997). Therefore, the relevant question for determining shared withdrawal liability between signatory entity "A" and another business "B," is only whether such business "B" is under common control with signatory entity "A."

Under the applicable regulations, businesses are under "common control" if they are members of, among others, a "brother-sister" group of business. Brother-sister corporations are defined as two or more corporations (i) where the same five or fewer persons own a controlling

interest[1] in each organization, and (ii) such persons are in effective control[2] of each organization, taking into account the ownership of each person only to the extent such ownership is identical with respect to each such organization. *Ferrera v. Smithtown Trucking Co.*, 29 F. Supp. 3d 274, 286 (E.D.N.Y. 2014) (citing 26 C.F.R. ' 1.414(c)-(2)(c)). This effectively creates a two-prong test. *See id.* With regard to the second prong, courts will examine the owners' identical interests in each corporation. "Identical ownership interests are calculated by adding the minimal ownership interests identical in each principal." *ILGWU*, 2002 WL 999303, at *7 n.4. "For example, if Shareholder A owns 20% of Corporation X, 20% of Corporation Y, and 10% of Corporation Z, Shareholder A's identical interest is 10%." *Id.* (citing 26 C.F.R. § 1.414(c)–2(c)(2)(i)).

Additionally, a single entity can be in multiple brother-sister groups. Title 26, Section 1.414(c)–2(e) of the Code of Federal Regulations includes a series of examples of how the two-prong test for common control should be implemented. 26 C.F.R. § 1.414(c)–2(e). Included in the examples is a chart with seven organizations (A, GHI, M, W, X, Y, Z) and five individuals with varying interests in each of the organizations. *Id.* The chart then lists the brother-sister groups of trades or businesses under common control. *Id.* Included in this list is one brother-sister group of the two organizations Y and Z; as well as another brother-sister group of the organizations Y and W. *See id.* In other words, organization Y could be in a brother-sister

---

[1] "A 'controlling interest' is defined as ownership of stock possessing at least 80 percent of the total combined voting power of all classes of stock entitled to vote of such corporation, or at least 80 percent of the total value of shares of all classes of stock in such corporation." *Ferrera v. Smithtown Trucking Co.*, 29 F. Supp. 3d at 286 (citing 26 C.F.R. § 1.414(c)–2(b)(2)(i)(A)).

[2] "'Effective control' is defined as ownership of 'stock possessing more than 50 percent of the total combined voting power of all classes of stock entitled to vote or more than 50 percent of the total value of shares of all classes of stock of such corporation.'" *Ferrera v. Smithtown Trucking Co.*, 29 F. Supp. 3d at 286 (quoting 26 C.F.R. § 1.414(c)–2(c)(2)(i)).

group with two organizations separately. Therefore, Industries could be in a brother-sister group with Environmental, and separately be in a brother-sister group with Cherchello.

The Court now turns to the question of whether there is sufficient information set forth in the Complaint to confirm that Environmental is in a brother-sister group with Industries.

2. *Application to the Facts*

The complaint alleges that defendant Industries is owned jointly by Anthony Novello ("Novello") and John Cherchio ("Cherchio"), each controlling 50% of Industries' stock. (Compl. at ¶¶ 21-22.) With regard to defendant Environmental, the complaint alleges that "Novello and Cherchio have been the only shareholders and officers of Environmental since before September 30, 2011" and "have exercised control over all of the voting rights in Environmental since before September 30, 2011." (*Id.* at ¶¶ 23-24.)

In the R&R, Judge Lindsay found that these allegations are sufficient to satisfy the first prong of the brother-sister test, as the same two people own a controlling interest in both Industries and Environmental. (R&R at 8.) The only question here is whether the second prong has been satisfied.

Plaintiffs allege in the Complaint that shareholder Cherchio owns 50% of Industries and Novello owns 50% of Industries. Plaintiffs also allege that Novello and Cherchio are the only shareholders of Environmental and have exercised control over all of the voting rights. Based on these facts, we can assume that after restricting Cherchio and Novello's stockholdings in Industries and Environmental to the lowest percentage of stock owned in either company, the total identical stock ownership for both corporations exceeds 50%. As Plaintiffs explain in their Objections to the R&R, if Novello owns 51% or more of Environmental, Environmental is in Industries' controlled group because Novello also owns 50% of Industries. Moreover, if

Cherchio owns 51% or more of Environmental, Environmental is also in Industries' controlled group because Cherchio also owns 50% of Industries. Finally, if Novello and Cherchio each own 50% of Environmental, Environmental is still in Industries' controlled group because the ownership interest in Environmental will match that of Industries. Therefore, Environmental is in Industries' controlled group and Environmental may be held liable for Industries' withdrawal liability.

## CONCLUSION

Pursuant to 28 U.S.C. § 636(b) and Fed. R. Civ. P. 72, this Court has reviewed the unobjected to portions of the R&R for clear error, and finding none, now concurs in both its reasoning and its result.

Pursuant to Fed. R. Civ. P. 72(b), the Court has reviewed the objected to portions of the R&R de novo and finds that Environmental is in Industries' controlled group. Accordingly, the Motion for Default Judgment against Environmental is granted.

**IT IS HEREBY ORDERED** that Plaintiffs' motion for default judgment is granted and Plaintiffs should be awarded, jointly and severally, against all three defendants: $752,098.00 in withdrawal liability; $225,134.87 in interest through September 30, 2016, plus $370.90 per day from that date through the date judgment is entered; $225,134.87 in liquidated damages; $18,541.00 in attorneys' fees; and $1,056.96 in costs.

The Clerk of Court is directed to enter judgment accordingly and to close this case.

Dated: Central Islip, N.Y.
      September 28, 2017                          /s/ Denis R. Hurley
                                                              Denis R. Hurley
                                                              United States District Judge